MAPCO, INC., et al.

v.

Clarence CARTER, et al.

No. D–1197.

Supreme Court of Texas.

Oct. 23, 1991.

Roger Townsend, Lee A. Hunnell, Houston, Royse M. Parr, Tulsa, Okl., for Mapco.

Thomas Lee Bartlett, Tom F. Coleman, Houston, for Carter.

PER CURIAM.

We consider whether a judgment may be entered against a party not before the trial court. We conclude that it may not.

Clarence, James Ross, and Mrs. Clyde Carter (Carters), Mapco Underground Storage of Texas, Inc. (MUST) and Texasgulf, Inc. (Texasgulf) owned, in undivided interests, a 126.378–acre mineral estate (⅝'s by the Carters, ⅜'s by Texasgulf, and ⅛ by MUST). MUST owned the surface estate in its entirety. MUST created an underground cavern on a portion of the tract from a salt dome formation to store natural gas and other hydrocarbons. The Carters sued MUST for waste and sought a partition of the mineral estate. The waste claim

was severed and is not a part of this appeal.

■ After a bench trial, the trial court found that the mineral estate was susceptible to a partition in kind. In accord with a request by MUST, the trial court awarded a 15.797–acre tract surrounding the cavern to Gordon Speer (Speer) (successor to MUST), a 31.582–acre tract to Landmark Trust (successor to Texasgulf), and a 78.-999–acre tract to be divided equally among the Carters. In addition, the trial court entered a $450,000 owelty[1] award against Mapco, Inc. (Mapco, Inc.) and imposed a lien against the property set aside to Speer, to be foreclosed in the event the owelty award was not paid. The court of appeals affirmed, holding, among other things, that a judgment against Mapco, Inc. was permissible. 808 S.W.2d 262.[2] The parties do not contest the partition and we consider only the portion of the judgment pertaining to Mapco, Inc.

■ Mapco, Inc. argues that the owelty award entered against it was erroneous because it was not a party in the trial court. We agree.

■ In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance. Tex.R.Civ.P. 124. *See, e.g., Patrick v. Patrick,* 728 S.W.2d 864, 868 (Tex.App.–Fort Worth 1987, writ ref'd n.r.e.). The Carters' pleadings identified only MUST as a party and indicated only that service could be made upon MUST's designated agent. Furthermore, each answer filed was only on behalf of MUST and there is no indication in the record that Mapco, Inc. waived service of process. *See* Tex.R.Civ.P. 120. The fact that MUST was generically referred to by the parties and the trial court as "Mapco, Inc." is not sufficient to place Mapco, Inc. before the court.[3] *See also Fuqua v. Taylor,* 683 S.W.2d 735, 738 (Tex.App.–Dallas 1984, writ ref'd n.r.e.) ("Judgment may not be granted in favor of a party not named in the suit as a plaintiff or a defendant.").

■ The Carters argue that Mapco, Inc. and MUST waived this point because they did not raise it until their motion for rehearing in the court of appeals. Generally, a point not assigned as error in the court of appeals and raised for the first time in a motion for rehearing cannot be considered by this court. *See Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 797 (Tex.1974). However, lack of jurisdiction is fundamental error and may be raised for the first time before this court. *Grounds v. Tolar Indep. School Dist.,* 707 S.W.2d 889, 893 (Tex.1986). *See also Texas Alcoholic Beverage Comm'n v. Sfair,* 786 S.W.2d 26, 27 (Tex.App.–San Antonio 1990, writ denied).

■ The Carters also look to alleged judicial admissions contained in MUST's pleadings in arguing that Mapco, Inc. was before the court. For a judicial admission to exist and be conclusive against a party it must be, among other things, deliberate, clear and unequivocal. *See, e.g., Griffin v. Superior Ins. Co.,* 161 Tex. 195, 202, 338 S.W.2d 415, 419 (1960). In the pleadings to which the Carters refer, MUST identifies itself as "Mapco, Inc." Such a reference is only indicative of the abbreviated name given MUST during the proceedings and is not sufficiently clear to place Mapco, Inc. before the court.

---

1. In partition proceedings a court may, if necessary, divide the property into shares of unequal value and impose a lien for the difference on the share of greater value in favor of the party receiving the share of lesser value. This difference is usually referred to as owelty. *See Sayers v. Pyland,* 139 Tex. 57, 62, 161 S.W.2d 769, 772 (1942).

2. In its original opinion in this matter, the court of appeals reversed in part, holding that a judgment should not have been entered against Mapco, Inc. 786 S.W.2d 368. Subsequent to that decision, the court of appeals was ordered in a mandamus proceeding to forward Mapco, Inc.'s application for writ of error to this court. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700 (Tex.1990). On review of the application, this court reversed and remanded the matter for further proceedings in the court of appeals because the case was decided in that court by a 1–1 decision. *Carter v. Mapco, Inc.,* 33 Tex.Sup.Ct.J. 465 (May 9, 1990) (unpublished order).

3. Apparently the parties and the trial court simply abbreviated "Mapco Underground Storage of Texas, Inc." to "Mapco, Inc."

There is also no support for the entry of judgment against Mapco, Inc. based on an alter ego, piercing the corporate veil or agency theory. A trial court judgment must conform to the pleadings of the parties. Tex.R.Civ.P. 301. *See, e.g., Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983). The Carters did not plead alter ego, piercing the corporate veil or agency. *See generally Light v. Wilson,* 663 S.W.2d 813, 814 (Tex.1983). Furthermore, the argument that the issues were tried by implied consent fails because there is no evidence to indicate they were actually tried. *See Purselley Indus., Inc. v. Engle,* 717 S.W.2d 662, 664–65 (Tex. App.–Tyler 1986, writ ref'd n.r.e.). For these reasons, the court of appeals erred in affirming the judgment against Mapco, Inc.[4]

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the application for writ of error of Mapco, Inc. and MUST and, without hearing oral argument, reverses that portion of the judgment of the court of appeals concerning entry of judgment against Mapco, Inc., renders judgment that the Carters take nothing against Mapco, Inc. and remands this cause to the trial court solely to determine against whom the owelty award may properly be entered.

---

**4.** Mapco, Inc. and MUST raised additional issues in their application for writ of error. We express no opinion on these issues.