# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00006-CV

**Metromedia Restaurant Services, Inc.; S & A Restaurant Corporation;
and Steak & Ale of Texas, Inc., Appellants**

**v.**

**Carole Keeton Strayhorn, Comptroller of Public Accounts of The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### GN401090, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

This case involves the requirements to be a "holder" under the Texas statutes governing unclaimed personal property. It also presents the question of whether a civil judgment may be taken against a nonparty based on the theory that the nonparty is part of a single business enterprise with a named party. Appellants Metromedia Restaurant Services, Inc., S & A Restaurant Corporation, and Steak & Ale of Texas, Inc. appeal the district court's judgment assessing over $500,000 in liability against them for failure to remit unclaimed employee wages to the Comptroller pursuant to Chapter 74 of the Texas Property Code. Metromedia argues that it cannot be held liable for failure to remit the unclaimed wages because (1) there is insufficient evidence to establish that it is a "holder" of the unclaimed property as required by property code section 72.001, and (2) the

Comptroller failed to plead a corporate veil-piercing theory, precluding any recovery based on such a theory. S & A Restaurant Corporation and Steak & Ale of Texas, Inc. argue that they cannot be held liable in this case because they were not parties to the lawsuit in the trial court. We agree with each of these points and reverse the judgment.

*Facts and Procedural Background*

Steak & Ale of Texas, Inc. and Metromedia Restaurant Services, Inc. are wholly owned subsidiaries of S & A Restaurant Corporation. S & A Restaurant Corporation is a holding company that owns a variety of corporations operating restaurants in a number of different states. Steak & Ale of Texas operates Steak & Ale restaurants in Texas. Metromedia provides home office administrative services to both S & A Restaurant Corporation and Steak & Ale of Texas, keeps books and records, and acts as a paymaster for certain employee payments for both entities.

From time to time, various employees of Steak & Ale of Texas would fail to claim their wages. After a period of three years, these unclaimed wages were reported and delivered to the Comptroller.[1] The unclaimed property reports were made and the funds were delivered to the Comptroller on an annual basis by S & A Restaurant Corporation, the parent company of Steak & Ale of Texas. These reports were prepared by employees of Metromedia on behalf of S & A Restaurant Corporation. In 2003, the Comptroller conducted an audit of the amounts reported and remitted by S & A Restaurant Corporation. In the course of the audit, the Comptroller reviewed

_____

[1] During the time period relevant to this case, all personal property (including unclaimed wages) was presumed abandoned after three years. *See* Tex. Prop. Code Ann. § 72.101 (West 1995). The statute was amended effective January 11, 2003, to provide that unclaimed wages are presumed abandoned after one year.

financial records of S & A Restaurant Corporation and Steak & Ale of Texas. This review took place at the offices of Metromedia and the Comptroller was provided access to the books and records of S & A Restaurant Corporation and Steak & Ale of Texas by Metromedia employees. The audit revealed that for several years S & A Restaurant Corporation had retained a $15 "processing fee" for each unclaimed check from the funds it was required to deliver to the Comptroller. There is no provision in Chapter 74 for the retention by a holder of any portion of the unclaimed property, and appellants acknowledge that the retention of the processing fees was improper.

In seeking to recover the improperly retained funds, however, the Comptroller did not assess S & A Restaurant Corporation—the entity that had delivered the funds to the Comptroller and reported itself as the "holder" of the funds. Nor did the Comptroller assess Steak & Ale of Texas, the employer. Instead, the Comptroller assessed Metromedia. Metromedia disputed the assessment and filed this action in district court seeking declaratory relief. The Comptroller answered and filed a counterclaim against Metromedia to compel delivery of the improperly retained funds and for statutory penalties. The Comptroller did not file a claim against S & A Restaurant Corporation or Steak & Ale of Texas. Neither entity was joined as a party nor entered an appearance in the district court.

Prior to trial, the Comptroller sought realignment of the parties and the parties were realigned by agreed order. Metromedia, now the defendant, answered the Comptroller's claims. In its answer, Metromedia asserted, among other things, that it was not a holder of the property in question and that "other entities have entered into agreements with the Comptroller to remit the

3

unclaimed property identified in the Audit Report." The Comptroller proceeded to trial, electing not to join either S & A Restaurant Corporation or Steak & Ale of Texas as a party.

At trial, the Comptroller took the position that Metromedia, S & A Restaurant Corporation, and Steak & Ale of Texas were all holders of the unclaimed property at issue. The Comptroller also claimed that Metromedia, the only named defendant, was part of a single business enterprise with S & A Restaurant Corporation and Steak & Ale of Texas. The Comptroller argued that if the jury found all three entities were part of a single business enterprise, judgment could be granted against any one or all of the entities regardless of whether they had been joined as parties to the suit.

The jury found that all three entities were holders of the unclaimed property. The jury also found that Metromedia "operated as a single business enterprise" with both S & A Restaurant Corporation and Steak & Ale of Texas during the relevant time periods. Based on these jury findings, the district court entered judgment against all three appellants, jointly and severally, for the entire amount of the funds that had been improperly retained as well as statutory penalties and attorneys' fees.

Metromedia filed its notice of appeal in the district court and pursued this appeal. S & A Restaurant and Steak & Ale of Texas did not appear in the district court, electing to appear in this lawsuit for the first time in this Court.

*The Judgment against S & A Restaurant Corporation and Steak & Ale of Texas*

In no case shall judgment be rendered against any defendant unless there has been service of process, acceptance or waiver of process, or an appearance by the defendant. Tex. R. Civ.

4

P. 124; *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991). It is undisputed that S & A Restaurant Corporation and Steak & Ale of Texas were not served with process, did not accept or waive process, and did not appear in the trial court. It is also essential to due process in our civil justice system that judgment may not be granted in favor or against a party not named in the lawsuit. *Exito Electronics Co., Ltd., v. Trejo*, 166 S.W.3d 839, 852 (Tex. App.—Corpus Christi 2005, no pet. h.); *Fuqua v. Taylor*, 683 S.W.2d 735, 738 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Texaco, Inc. v. Wolfe*, 601 S.W.2d 737, 742 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). It is undisputed here that the Comptroller did not name either S & A Restaurant Corporation or Steak & Ale of Texas as parties in this lawsuit.

The Comptroller argues that there was no need to name all of the separate entities in this lawsuit because the jury found Metromedia operated as a single business enterprise with both S & A Restaurant Corporation and Steak & Ale of Texas. The Comptroller's view is that the jury finding essentially makes all of the entities "one and the same." Therefore, under this view, naming any member of an alleged single business enterprise as a defendant has the legal effect of naming all members. The Comptroller suggests this would be true even though the issue of whether a single business enterprise exists among the named and unnamed parties has not yet been litigated or resolved. However, corporate veil-piercing theories such as alter ego or single business enterprise cannot and do not abrogate the requirements of due process in our judicial system.[2] Parties must still

---

[2] We do not reach and express no opinion regarding the availability of, viability of, or circumstances under which a "single business enterprise" theory may be used as a means of piercing the corporate veil in Texas.

5

be afforded notice and an opportunity to appear and defend themselves before being subjected to civil liability. *See* Tex. R. Civ. P. 124; *Mapco*, 817 S.W.2d at 687.

S & A Restaurant Corporation and Steak & Ale of Texas could very well want an opportunity to be heard on the issue of whether they are involved in a single business enterprise with Metromedia. They may have defenses that are different from the defenses that best serve Metromedia or that Metromedia has the ability or standing to present. Even if these parties had identical interests and identical defenses, they must—as a matter of due process—be afforded an opportunity to evaluate the claims made by an adverse party and decide for themselves how to defend. Parties with seemingly identical interests can have significant differences in how to protect those interests and how to litigate disputes.

In addition, simply because two entities or two persons are alleged to be members of some sort of joint enterprise, they will not necessarily have identical or even similar interests in a dispute involving the joint enterprise. In some circumstances, one member of a potentially liable group could have an interest not only in ignoring the defense of other alleged jointly liable members, but in affirmatively seeking to have other members held liable. In such a situation, the appearance of the named member would certainly not suffice for the defense of unnamed members. Thus, the appearance of one party alleged to be part of a larger group of related persons or entities cannot substitute for the appearance and defense of other alleged members of the group.

If the rule were otherwise, a plaintiff could sue a small subsidiary of any major corporation, never name the parent company in the suit, litigate with the subsidiary the issue of whether the parent is in a single business enterprise with the subsidiary, and then obtain a judgment

6

against the parent. The same would hold true for an individual alleged to be the alter ego of a corporate entity and vice versa. A plaintiff could litigate the question of whether the corporation is liable to the plaintiff without ever joining the corporation or litigating the issue with the corporation. The plaintiff could also litigate whether an individual is liable for the acts of a corporation without ever suing the individual. Such a procedure is not consistent with due process.

Even when a plaintiff is alleging that two separate parties are to be treated as one under the law, a plaintiff is required to name and serve each party sought to be held liable. Each is entitled to have the opportunity to appear, be heard, and defend. This principle has been applied in the context of other joint liability theories such as partnership, agency, civil conspiracy, etc. *See Wynne v. Adcock Pipe and Supply*, 761 S.W.2d 67, 70 (Tex. App.—San Antonio 1988, writ denied) (judgment against principal cannot stand where plaintiff joins only agent in the lawsuit individually); *Western Grocery Co. v. K. Jata & Co.*, 173 S.W. 518, 518 (Tex. Civ. App.—El Paso 1915, no writ) (judgment cannot stand against a partner who was never a party to suit). The principle is no different when applied to corporate veil-piercing theories being used to establish joint liability.

In this case, judgment was entered against two entities that were not defendants in the lawsuit, were not named or joined, and had never appeared. We hold, therefore, that S & A Restaurant Corporation and Steak & Ale of Texas were never properly before the court, that the district court was without jurisdiction to enter judgment against them, and that the judgment against them is void.

The Comptroller also argues that S & A Restaurant Corporation and Steak & Ale of Texas did not file notices of appeal and, therefore, are not entitled to more favorable relief in this

7

Court than they received in the trial court without a demonstration of just cause. Tex. R. App. P. 25.1(c). We have found that the district court was without jurisdiction to enter judgment against S & A Restaurant Corporation and Steak & Ale of Texas. Consequently, the judgment is void and the error is fundamental. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991). Under these circumstances, there is just cause to address the error.

***"Holder" status of Metromedia***

Chapter 74 of the property code requires a holder of property belonging to someone else that is unclaimed and presumed abandoned to deliver the abandoned property to the Comptroller for safekeeping. *See* Tex. Prop. Code. Ann. §§ 74.301-.304 (West Supp. 2005); *State v. Snell*, 950 S.W.2d 108, 112 (Tex. App.—El Paso 1997, no pet.). Holders of unclaimed property must report and deliver the property to the Comptroller on an annual basis. *See* Tex. Prop. Code Ann. § 74.301. A holder of unclaimed property under section 72.001 is a person who is (1) in possession of property that belongs to another, (2) a trustee, or (3) indebted to another on an obligation. *Id.* § 72.001 (West Supp. 2005). The Comptroller alleges that Metromedia is a "holder," as defined in Section 72.001, of the $15 per check processing fee retained from the unclaimed funds reported and delivered to the Comptroller by S & A Restaurant Corporation. The Comptroller does not claim Metromedia was a trustee of the unclaimed property. Therefore, the Comptroller had the burden of proving that Metromedia is either (1) in possession of the retained funds, or (2) indebted to the employees of Steak & Ale of Texas for the retained funds. *See id.*

Metromedia contends that there is no evidence to establish that it is a "holder" of the unclaimed wages in question as required by the property code. *See id.* Courts will sustain a no-

8

evidence point of error when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). More than a scintilla of evidence exists when the evidence supporting the finding as a whole "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). If the evidence of a fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the legal effect is that it is no evidence. *Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 183 (Tex. 1995).

The evidence in this case established that the restaurants operating as subsidiaries of S & A Restaurant Corporation would deposit the revenue from their sales each day into their respective bank accounts. At the end of each day, the funds from all of these accounts would be electronically transferred to a single "concentrated account" owned and controlled by S & A Restaurant Corporation. Funds would then be transferred from this concentrated account to any subsidiary's account upon which checks were drawn when the checks were presented for payment. This process of transferring out all deposits and transferring in only the amounts necessary to cover items that were presented for payment occurred daily. Thus, the subsidiary accounts were "zero-balance accounts"—accounts that showed a zero balance at the close of each business day.

Metromedia owned such a zero-balance account. There was testimonial evidence that at least some of the payroll checks that went unclaimed by Steak & Ale of Texas employees were written on this Metromedia account. There was also evidence showing that if a Steak & Ale of Texas employee lost a check written on the Metromedia account, the lost check would be reported to Metromedia and Metromedia would issue another check. In addition, the Comptroller points to evidence that Metromedia employees calculated the amount of unclaimed property due to be delivered to the Comptroller for S & A Restaurant Corporation entities operating in Texas (deducting the $15 processing fee), requested checks be issued by S & A Restaurant Corporation for these amounts, mailed the S & A Restaurant Corporation checks to the Comptroller, and kept the records relating to the reporting and delivery of the unclaimed property. The Comptroller argues that this is some evidence that Metromedia is a holder of the retained funds at issue. We disagree.

Chapter 74 requires proof that the person being compelled to deliver unclaimed property is either in possession of the property or indebted to another for the property. Tex. Prop. Code Ann. § 72.001. Evidence that Metromedia handled payroll responsibilities for S & A Restaurant Corporation or its subsidiaries and that Metromedia provided administrative services with respect to the reporting of the unclaimed wages is not evidence that Metromedia is in possession of the wages or that Metromedia is indebted to the employees for the wages. Evidence to the effect that funds for *claimed* wages, *i.e.* funds for checks presented for payment, would pass through the Metromedia account is not evidence that Metromedia currently has or ever had in its possession funds representing the *unclaimed* wages of Steak & Ale of Texas employees.

There was ample evidence that S & A Restaurant Corporation was a holder and in possession of the funds in question. Indeed, this fact was undisputed. S & A Restaurant Corporation reported the unclaimed wages to the Comptroller, paid the unclaimed wages (minus the processing fee) to the Comptroller, admitted that the monies that were to fund the unclaimed employee checks were to come out of the concentrated account owned by S & A Restaurant Corporation, and reported itself to the Comptroller as the "holder." Nevertheless, the Comptroller elected not to pursue a claim against S & A Restaurant Corporation.

The undisputed evidence in the record conclusively establishes that Metromedia was never in possession of funds from the S & A Restaurant Corporation concentrated account for any check that was not presented for payment. The wages at issue in this case are those associated with checks that were never presented for payment and went unclaimed. There is no evidence that Metromedia has ever been or is currently in possession of the unclaimed wages of Steak & Ale of Texas employees.

The Comptroller also argues that, even if Metromedia is not in possession of the unclaimed wages in question, Metromedia can be held liable as a holder under Chapter 74 under the theory that it is indebted to the employees who did not negotiate checks written on the Metromedia account. The evidence offered by the Comptroller to support this argument is testimony that some of the checks that went unclaimed were written on the Metromedia zero-balance account. This, standing alone, does not tend to prove that Metromedia is indebted to the employees of Steak & Ale of Texas for their wages. It is evidence only that Metromedia issued a negotiable instrument payable to an individual who did not negotiate it. It does not tend to show what entity is indebted to the employee.

11

The evidence was undisputed and conclusive that the wages in question were for employees of Steak & Ale of Texas, not employees of Metromedia. The Comptroller offered no evidence that Metromedia is indebted to employees of Steak & Ale of Texas who have failed to claim wages for more than three years. In addition, the checks bore the notation that they were void after either 90 or 180 days. Thus, Metromedia could have no obligation to payees on void checks unclaimed for three or more years even if the original check could be viewed as creating a debt. Based on this record, we hold that there is no evidence that Metromedia is a holder of the unclaimed wages at issue.

***The Single Business Enterprise Theory and Metromedia***

The Comptroller contends that even if Metromedia is not a holder under Chapter 74, it may be held responsible for the liability of S & A Restaurant Corporation and Steak & Ale of Texas because the jury found Metromedia to be in a single business enterprise with S & A Restaurant Corporation and Steak & Ale of Texas. Metromedia argues that the Comptroller did not plead this theory of liability and it should not have been submitted to the jury. We agree.

Texas follows a "fair notice" pleading standard, which looks to whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and what testimony will be relevant at trial. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The Comptroller's First Amended Petition included the following statement upon which the Comptroller relies for submitting the single business enterprise theory to the jury:

> Defendant is either the assumed name of Steak & Ale of Texas, or the employer of
> restaurant staff at Steak & Ale of Texas restaurants, or the payroll services company

for Steak & Ale of Texas.  In any of those capacities, Defendant is a responsible holder under the Unclaimed Property Act.

This pleading does not give fair notice that the Comptroller was seeking to impose liability on Metromedia based on the theory that Metromedia was engaged in a single business enterprise with Steak & Ale of Texas and S & A Restaurant Corporation.  It does not refer to the single business enterprise theory nor does it use words from which a reasonable person could infer that the single business enterprise theory is the basis of the complaint.  It fails to mention S & A Restaurant Corporation—the alleged corporate parent and controller of the single business enterprise—at all.  It alleges only that Metromedia is either an assumed name for Steak & Ale of Texas, the employer of Steak & Ale of Texas employees, or the payroll services company for Steak & Ale of Texas.  It then asserts that in any of *these* capacities Metromedia is a holder under the unclaimed property statutes.  It does not give fair notice that the Comptroller will seek to hold Metromedia responsible under a corporate veil-piercing theory for the unclaimed property liability of *other holders* such as Steak & Ale of Texas or S & A Restaurant Corporation.

Particular words such as "single business enterprise" do not have to be used for a pleading to give fair notice in this context.  However, a party attempting to impose liability by piercing the corporate veil of a defendant must plead something that will tell the defendant that it is facing potential liability on such a basis.  Otherwise, the defendant will not have notice of the nature and basic issues of the controversy that it is facing.  *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 896.  In this case, the Comptroller pleaded only that Metromedia is an assumed name for Steak & Ale of Texas or the employer of the Steak & Ale of Texas's employees or the payroll

company for Steak & Ale of Texas. This does not communicate that the Comptroller will attempt to hold Metromedia responsible by challenging the corporate separateness of all of the entities and then proving that S & A Restaurant Corporation or Steak & Ale of Texas are holders. It certainly does not communicate anything about potential liability for Metromedia based on the "holder" status of S & A Restaurant Corporation.

The Comptroller argues that even if the single business enterprise theory was not pleaded, it was tried by consent. However, Metromedia objected to the inclusion of the single business enterprise theory in the jury charge prior to submission of the charge to the jury. An objection, on the record, prior to the submission of the charge to the jury precludes trial by consent. *Texas Indus., Inc. v. Vaughan*, 919 S.W.2d 798, 803 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Therefore, since the single business enterprise theory was not pleaded or tried by consent, it should not have been submitted to the jury and cannot be the basis for a judgment against Metromedia as an imputed holder standing in the shoes of S & A Restaurant Corporation or Steak & Ale of Texas. *See* Tex. R. Civ. P. 301; *Mapco Inc. v. Carter*, 817 S.W.2d 686, 688 (Tex. 1991) (judgment could not be based on alter ego, piercing the corporate veil, or agency theory without pleadings to support these theories); *Texas Indus.*, 919 S.W.2d at 803 (a trial court may not submit a question to the jury unless it is supported by the pleadings or tried by consent).

***Attorneys' Fees and Statutory Penalties***

Since we find that there is no basis to hold Metromedia liable under the unclaimed property statutes in this case, there is no basis for the imposition of statutory penalties on Metromedia or an award of attorneys' fees in favor of the Comptroller pursuant to property code

14

section 74.709.  Consequently, the award of statutory penalties and attorneys' fees in favor of the Comptroller is reversed.

In addition, because the trial court entered judgment against Metromedia in this matter based on a finding of liability under the unclaimed property statutes, the trial court did not reach or consider Metromedia's request for an award of attorneys' fees under the Declaratory Judgments Act.  Therefore, we remand this cause for a determination of whether attorneys' fees are available to either Metromedia or the Comptroller under the Declaratory Judgments Act.

### *Conclusion*

We reverse the judgment of the district court as to all appellants, hold that the judgment against S & A Restaurant Corporation and Steak & Ale of Texas is void, and render a take-nothing judgment in favor of Metromedia.  We also remand to the trial court the issue of whether attorneys' fees should be awarded to either Metromedia or the Comptroller pursuant to the Declaratory Judgments Act.

_____

G. Alan Waldrop, Justice

Before Justices B. A. Smith, Patterson and Waldrop

Reversed and Rendered in Part; Reversed and Remanded in Part

Filed:   February 10, 2006

15