

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00120-CV

———————————————

IN RE TARGET CORPORATION, Relator

---

Original Proceeding
96th District Court of Tarrant County, Texas
Trial Court No. 096-321139-20

---

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

In this mandamus proceeding, Relator Target Corporation asks us to direct the trial court to vacate its order granting Real Parties in Interest Antonio Lopez-Victorino's ("Antonio") and Maria Jackson's motion to enforce Antonio's agreement with Target to conduct a second inspection of a workplace accident site and the truck involved in the accident. Because the trial court abused its discretion by issuing a void order, we conditionally grant mandamus relief and order the trial court to vacate its April 7, 2021 order granting Antonio's motion to enforce the agreement.

## BACKGROUND

On October 10, 2020, Antonio's son Gerardo Lopez-Orenday was killed when he was struck by a truck in the parking lot of the Target distribution center in Midlothian, Texas. Gerardo and the driver of the truck that killed him were both employed by Hogan Dedicated Services, LLC.

Antonio subsequently filed suit against the driver of the truck and sought damages for the death of Gerardo.[1] Antonio asked the trial court for a temporary restraining order seeking preservation of certain evidence as well as an order authorizing him to enter upon Target's property to inspect the accident site and the truck that was involved in the accident. In response to Antonio's request seeking entry onto Target's property, Target filed a plea in intervention. Antonio and Target

---

[1]Shortly after Antonio filed this lawsuit, Maria Jackson, Gerardo's common-law wife, filed her original petition in intervention against the driver of the truck.

eventually negotiated an inspection and waiver agreement that allowed Antonio's counsel and experts to inspect the accident site at Target's distribution center. The inspection took place on December 11, 2020. To facilitate the inspection, Target agreed to pause operations at the distribution center for the inspection's duration, approximately four hours. Once the inspection was completed, under the terms of the inspection agreement, Target was free to release the truck at issue back into full service and operation or even dispose of the truck unless Antonio notified Target to preserve the truck before December 15, 2020. Pursuant to that provision, Antonio subsequently notified Target in a timely fashion that he wanted to conduct a second inspection of the truck.

On January 5, 2021, Target responded to Antonio's request for second inspection of the truck. In its email response, Target stated that it planned to move the truck at issue outside of the distribution yard to avoid halting the center's operations again. On January 16, 2021, Antonio responded by letter and stated that he "agree[d]." But in the same letter Antonio requested that the second inspection take place at the "location of the incident" and "in the early morning hours" in order to replicate the "location of the sun to the earth at the time of the actual incident." Target responded by email on January 19, 2021, and informed Antonio that it would make the truck available in the early morning hours, but that it did not believe it was obligated to shut down operations a second time to allow Antonio to do what he could have done during his first inspection. Antonio responded to Target by email on

3

January 23, 2021, and informed Target that he refused to agree to an inspection that did not include an opportunity to visit the distribution center and to take pictures with the truck at the actual location of the accident at the time of impact.

On January 26, 2021, Antonio sent another email to Target and again asked Target to allow him one final inspection for 1.5 hours in the yard of the distribution center. Additionally, Antonio offered to comply with the same conditions set forth in the prior inspection and waiver agreement. That same day, Target moved to dismiss its plea in intervention. The trial court granted Target's motion to dismiss its plea in intervention by written order on January 27, 2021. The day of the intervention's dismissal, Target informed Antonio that it would agree to his January 26, 2021 terms regarding the inspection if Antonio would agree to allow Target to participate in the depositions to be taken during the litigation. Antonio responded the following morning and stated "I agree."

On January 28, 2021, the day that Antonio and Target finally agreed on terms with respect to Antonio's second request to enter Target's property and inspect the at-issue truck, Target's attorney's secretary inadvertently produced privileged drafts of discovery responses containing the attorney's work product and attorney–client communications. Target's attorney sent Antonio's attorney a Rule 193.3 "snap-back" email and letter. The attorney also tried to speak to Antonio's attorney by phone but was unable to reach him. Angered, Target's attorney withdrew her consent to the second inspection.

On February 4, 2021, Antonio filed a motion to enforce the email agreement between himself and Target.[2] In his motion, Antonio argued that the trial court should enforce the agreement because it was a valid Rule 11 agreement between himself and Target, an intervenor in the lawsuit. The trial court conducted a hearing on Antonio's motion to enforce on April 7, 2021. The hearing was not transcribed. The day the trial court held the hearing, it signed an order granting Antonio's motion to enforce the agreement. On April 28, 2021, Target filed its petition for writ of mandamus asking this court to direct the trial court to vacate its order granting Antonio's motion to enforce the agreement.

## DISCUSSION

### A. Mandamus Standard

This court may grant mandamus relief from a discovery order only when (1) the trial court's decision is so arbitrary and unreasonable that it is "a clear and prejudicial error of law" and (2) the relator has no adequate remedy by appeal. *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). Additionally, mandamus will lie to correct a void order, i.e., an order that the trial court had no power or jurisdiction to render. *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986) (orig. proceeding); *Decker v. Lindsay*, 824 S.W.2d 247, 249 (Tex.

---

[2]Although Antonio's motion's title states that Target was a "former intervenor" in the lawsuit, Antonio lists Target as a defendant in the lawsuit's style caption. At the time that Antonio filed his motion on February 4, 2021, however, Target was no longer a party to the lawsuit; the trial court granted Target's motion to dismiss its plea in intervention on January 27, 2021.

App.—Houston [1st Dist.] 1992, orig. proceeding) ("Mandamus relief may be afforded where the trial court's order is void."). If an order is void, the relator need not show it does not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

**B.** **The Trial Court Abused Its Discretion When It Ordered Target to Make Its Property Available to Antonio for a Second Inspection.**

### 1. A trial court's jurisdiction does not extend to nonparties to a lawsuit.

To issue a binding order against a party, a court must possess personal jurisdiction over that party in the proceeding in which the order is rendered. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996) (orig. proceeding). When a trial court lacks jurisdiction to render a particular order, the order is void. *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (op. on reh'g); *In re Green Oaks Hosp. Subsidiary, L.P.*, 297 S.W.3d 452, 455 (Tex. App.—Dallas 2009, orig. proceeding); *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 634–35 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (op. on reh'g). A trial court does not possess jurisdiction over an entity that is not a party to the lawsuit. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (reversing judgment against entity not properly before the court as a party); *Haas v. George*, 71 S.W.3d 904, 915 (Tex. App.—Texarkana 2002, no pet.) (holding that generally a trial court only has control over those parties properly before the court).

**2. The trial court did not have jurisdiction to enforce the agreement against Target, a nonparty to the lawsuit.**

Target argues that the trial court abused its discretion in granting Antonio's motion to enforce because the email exchange does not qualify as a Rule 11 agreement.[3]  Specifically, Target claims that the agreement does not meet the requirements of Rule 11 because (1) no litigation was pending between it and Antonio when the trial court rendered its order granting the motion to enforce; (2) Target's counsel did not "sign" the email; and (3) Target's counsel withdrew its consent prior to the trial court's enforcement of the agreement.  However, because the trial court did not have jurisdiction over Target at the time it issued its order, the order is void, and we need not address Target's arguments that the email agreement does not satisfy the requirements of Rule 11.[4]

The trial court granted Target's motion to dismiss its plea in intervention on January 27, 2021.  Accordingly, after January 27, 2021, Target was no longer a party to the lawsuit.  *See Gregory B. Baten Tr. v. Branch Banking & Tr. Co.*, No. 05-14-00133-CV,

---

[3]Rule 11 states that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."  Tex. R. Civ. P. 11.

[4]Although Target never raised the issue of the trial court's jurisdiction to grant Antonio's motion to enforce the email agreement, an issue of a trial court's jurisdiction may be raised for the first time on appeal by the parties or by the appellate court.  *See Mapco, Inc.*, 817 S.W.2d at 687; *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex. 1985); *cf. In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) (orig. proceeding) (holding a court is obliged to ascertain that subject matter jurisdiction exists regardless of whether the parties questioned it).

7

2015 WL 543794, at *3 (Tex. App.—Dallas Feb. 10, 2015, no pet.) (mem. op.) (holding that once the trial court dismisses an intervenor from a suit, the intervenor is no longer a party to the suit). Yet, the trial court signed its order granting Antonio's motion to enforce the agreement against Target, a nonparty, on April 7, 2021—more than three months after it dismissed Target from the lawsuit. Accordingly, because the trial court did not have jurisdiction over Target when it issued its order requiring Target to comply with Antonio's second request for an inspection of Target's property, the trial court's order is void. *See Envtl. Procedures, Inc.*, 282 S.W.3d at 635 (holding trial court's order enforcing confidentiality agreement between former intervenor and party to lawsuit void because former intervenor was a nonparty to the suit at the time the trial court issued its order); *see also Sw. Bell Tel. Co.*, 35 S.W.3d at 605 (holding that mandamus is proper if a trial court issues an order beyond its jurisdiction).

Antonio concedes that Target is not a party to this lawsuit but claims that a trial court's authority to enforce a Rule 11 agreement is not limited to the parties of a lawsuit.[5] Antonio cites this court's opinion in *Cunningham v. Zurich Am. Ins. Co.*, 352

---

[5]Antonio's agreement to allow Target "to participate in any depositions taken in the litigation" belies his assertion that the trial court should treat parties and nonparties to a lawsuit in the same way. As a condition to conduct a second inspection, Antonio agreed to allow Target to participate in "any depositions taken in the litigation." If Target had been a party in this lawsuit, however, at the time that it and Antonio had agreed on the terms of the second inspection, Antonio would not have had to agree to this condition; the Rules of Civil Procedure provide that any

S.W.3d 519 (Tex. App.—Fort Worth 2011, pet. denied), and argues that a trial court's authority to enforce a Rule 11 agreement does not depend on whether the trial court has plenary power. While Antonio is correct, that case does not support his position. In *Cunningham*, one party to a lawsuit argued that a Rule 11 settlement agreement between it and another party to the lawsuit was unenforceable because the agreement was made after the trial court's plenary power had expired and while the cause was on appeal. *Id.* at 525. We held that even though the trial court had lost plenary power—because the case was on appeal—it was considered "pending" for purposes of Rule 11, and therefore the trial court could enforce the agreement. *Id.* We did not hold that a trial court has the authority to enforce a Rule 11 agreement between a party and nonparty to a lawsuit.[6]

Additionally, Antonio argues that because Target was a party when he and Target negotiated their second inspection agreement, the trial court was authorized to enforce the agreement. It is true that Target was a party to the lawsuit when the

---

party to a lawsuit can attend all depositions taken during the litigation. *See* Tex. R. Civ. P. 199.5(a)(2).

[6]Further, Antonio cites to *Coale v. Scott*, 331 S.W.3d 829 (Tex. App.—Amarillo 2011, no pet.), for the same proposition—that a trial court can enforce a Rule 11 agreement even if the court no longer has plenary power over the parties. In *Coale*, the Amarillo Court of Appeals held that a trial court could enforce a Rule 11 settlement agreement—years after the judgment had become final—because a "trial court has the continuing power to enforce its judgments after they become final" and that doing so was "tantamount to the continuation of an aspect of the underlying suit." *Id.* at 831. As in *Cunningham*, the *Coale* court did not hold that a trial court has the authority to enforce a Rule 11 agreement between a party and nonparty to a lawsuit.

9

negotiations began; however, by the time that Antonio and Target agreed on terms, the trial court had dismissed Target from the lawsuit. Antonio and Target began discussing Antonio's request for a second inspection on January 5, 2021. On January 27, 2021, during their negotiations, the trial court dismissed Target as an intervenor. It was not until after the trial court had dismissed Target from the case and Target was no longer a party in the lawsuit that the parties agreed to the terms of the second inspection.[7] Antonio has not directed this court to any case law, statute, or other authority in support of his claim that a trial court has jurisdiction to enforce a Rule 11 agreement against a nonparty simply because the nonparty was a party to the lawsuit when the parties began negotiating the terms of the agreement. Nor have we found any authority to support Antonio's claim.

The Rules of Civil Procedure do not authorize a trial court to order a nonparty to make his or her property available to a party based on a Rule 11 agreement between the party and the nonparty. Accordingly, we hold that the trial court abused its discretion by ordering Target, a nonparty to the underlying lawsuit at the time the trial court issued its order, to comply with the alleged Rule 11 email agreement it made with Antonio.

---

[7]Antonio agreed to Target's final term on January 28, 2021—agreeing to permit Target to participate in upcoming depositions *as a nonparty*.

**C.** **Antonio's Argument Based on Texas Rule of Civil Procedure 196.7 was Not Preserved.**

Alternatively, Antonio argues that even if the agreement was not an enforceable Rule 11 agreement, the trial court did not abuse its discretion in enforcing it because his motion satisfied the requirements of Texas Rule of Civil Procedure 196.7. We disagree.

Rule 196.7 governs discovery that involves entering onto the land or property of another to inspect, measure, survey, photograph, test, or sample the property or any designated object or operation. Tex. R. Civ. P. 196.7; *see In re Kimberly-Clark Corp.*, 228 S.W.3d 480, 487 (Tex. App.—Dallas 2007, orig. proceeding). Rule 196.7 requires the party requesting entry upon the property of another to serve a motion and notice of hearing on the property owner—if the property owner is a nonparty. Tex. R. Civ. P. 196.7(a)(2). The nonparty must then be given 30 days to respond to the request and state any objections to the requested entry or other requested action. Tex. R. Civ. P. 196.7(c).

Additionally, to prevail on a motion for entry onto another's property, a party is required to show that his or her inspection of the property is relevant to the subject matter of the suit. Tex. R. Civ. P. 196.7(d); *see In re Goodyear Tire & Rubber Co.*, 437 S.W.3d 923, 928 (Tex. App.—Dallas 2014, orig. proceeding). Mere relevance, however, is not sufficient to justify a request for entry upon the property of another because the purposes for which a person is permitted entry onto the property of

11

another are limited. *See Kimberly-Clark Corp.*, 228 S.W.3d at 487; *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) (rejecting the contention that requests for entry onto land are governed by the general relevance standard). And because discovery involving entry onto the property of another involves unique burdens and risks including, among other things, confusion and disruption of the property owner's business and employees, a trial court should conduct a "greater inquiry into the necessity for the inspection, testing, or sampling." *Kimberly-Clark Corp.*, 228 S.W.3d at 487 (citing *Belcher*, 588 F.2d at 908). In conducting such an inquiry, the court must balance the degree to which the proposed entry upon and inspection of the property will aid in the search for truth against the burdens and dangers created by the inspection. *Id.* at 486.

In his response, Antonio claims that his motion to enforce his agreement with Target served "as the requisite motion for entry/inspection on a non-party's property pursuant to Rule 196.7." We note, however, that the thrust of Antonio's argument in his motion to enforce is his claim that the email exchange between himself and "former intervenor" Target is an enforceable Rule 11 agreement; Antonio's motion makes no mention of Rule 196.7. And in the motion's prayer, Antonio asked the trial court to "enforce the valid and enforceable rule 11 agreement." Antonio did not ask the trial court for any relief based on Rule 196.7. We also note that the trial court's order does not reference Rule 196.7 as a basis for its ruling. We are not persuaded that Antonio's motion to enforce his agreement with Target under Rule 11 can be

12

interpreted as a Rule 196.7 motion. *Cf. Urquhart v. State*, 128 S.W.3d 701, 704 (Tex. App.—El Paso 2003, pet. ref'd) (mem. op.) (motion to suppress based on one legal theory cannot be used to support different legal theory on appeal); *In the Matter of T.R.S.*, 931 S.W.2d 756, 758 (Tex. App.—Waco 1996, no writ) (holding that point of error must correspond to the motion made at trial and that a motion that states one legal theory cannot be used to support a different legal theory on appeal).

Additionally, Antonio argues that because he raised Rule 196.7 as an alternative ground for the trial court to consider at the hearing on his motion to enforce, we should uphold the trial court's order on that basis. Antonio claims that during the hearing he "advised" the trial court that it could grant his motion under Rule 196.7. Because the trial court's hearing was not transcribed, however, Antonio points to the affidavit he filed in this original proceeding to support this assertion. In his affidavit, Antonio states:

> At the outset of the hearing[,] I advised [the trial court] that it can analytically approach the Motion as one of two ways, or both:
>
> (1) as a motion to enforce a valid agreement under TEXAS RULE OF CIVIL PROCEDURE 11, requiring the determination of whether the Agreement met the requirements of Rule 11; and/or
>
> (2) as simply a request for inspection of property that was made on what at the time was [a] party, and subsequently became a non-party, which required Plaintiff to file said motion and obtain an order pursuant [to] TEXAS RULE OF CIVIL PROCEDURE 196.7. I then proceeded to present arguments under both approaches listed above.

But, without the benefit of a transcript of the trial court's hearing, we cannot determine if the trial court considered Rule 196.7 in granting Antonio's motion to enforce the agreement. We do not know if the trial court found that an inspection of Target's property was relevant to the subject matter of the litigation pursuant to Rule 196.7. Nor do we know if the trial court balanced the degree to which the proposed entry upon and inspection of Target's property would aid in the search for truth against the burdens and dangers created by the inspection as required by Rule 196.7.[8] There is simply no evidence indicating that the trial court ruled on the alternative Rule 196.7 ground.

Accordingly, Antonio's argument that the trial court's order should be upheld under Rule 196.7 is not preserved. *See* Tex. R. App. P. 33.1(a) (providing that to preserve a complaint for appellate review, a party must have obtained a ruling by the trial court). Therefore, we do not consider Antonio's Rule 196.7 argument.

**CONCLUSION**

We hold that the trial court abused its discretion in ordering Target, a nonparty to the underlying lawsuit, to make its property available for Antonio to inspect based on their email exchange and subsequent alleged agreement. Accordingly, we

---

[8]We also note that because Antonio raised Rule 196.7 as an alternative ground to enforce the agreement for the first time at the hearing on his motion, Target was deprived of the opportunity to present evidence to support its opposition to Antonio's proposed inspection, a right that Rule 196.7 gives to property owners. *See* Tex. R. Civ. P. 196.7(c). Indeed, Target states that as it relates to Antonio's Rule 196.7 argument at the hearing, it did not have "fair notice" that he was seeking enforcement of the agreement based on the rule.

14

conditionally grant the writ of mandamus, which will issue only if respondent fails to vacate its April 7, 2021 order compelling Target to make its property available for Antonio's inspection. Additionally, the stay of the trial court's April 7, 2021 order is hereby lifted to facilitate the trial court's action consistent with this opinion.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 26, 2021