

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

Nos. 04-19-00714-CV, 04-19-00715-CV, 04-19-00716-CV

Todd A. **DURDEN**,
Appellant

v.

James T. "Tully" **SHAHAN**, In His Official Capacity as County Judge; Mark Frerich, In His
Official Capacity as County Commissioner; Joe Montalvo, In His Official Capacity as County
Commissioner; Dennis Dodson, In His Official Capacity as County Commissioner; Tim Ward,
In His Official Capacity as County Commissioner; Kinney County Commissioners Court;
Kinney County; and Rick Alvarado, In His Official Capacity as District and County Clerk of
Kinney County, Texas
Appellees

From the 63rd Judicial District Court, Kinney County, Texas
Trial Court Nos. 4845, 4863, 4866
Honorable Sid L. Harle, Judge Presiding[1]

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: August 23, 2023

VACATED IN PART; AFFIRMED IN PART

In these appeals on remand from the Supreme Court of Texas, we consider whether the

trial court had personal jurisdiction over Appellant Todd A. Durden in his individual capacity.

Because the record conclusively establishes that the trial court never obtained personal jurisdiction

---

[1] The Honorable Roland Andrade is the presiding judge of the 63rd Judicial District Court.  The Honorable Sid L.
Harle, sitting by assignment, signed the judgments being appealed.

over Durden individually, the portions of its judgments that tax costs of court, assess sanctions, and award appellate attorney's fees against Durden individually are void. We vacate those portions of the judgments.

## BACKGROUND

Before we present the applicable law and analysis for the remaining issues in these remanded causes, we summarize the relevant procedural history for the three related suits that underlie these appeals.

### A.    Consolidated Trial Court Causes

Todd A. Durden, acting in his then-official capacity as Kinney County Attorney, filed three civil suits against the Kinney County Judge, the Kinney County Commissioners, the Kinney County Commissioners Court, Kinney County, and the District and County Clerk of Kinney County, Texas (collectively Appellees). In the original petitions and successive pleadings, Durden, purporting to act on behalf of the State of Texas, signed each in his official capacity as Kinney County Attorney.

The three causes were heard together by the trial court, but separate notices of appeal were filed for each cause. The trial court causes and appeals align as follows:

| Trial Court Cause | Appeal Number |
|---|---|
| 4845 | 04-19-00714-CV |
| 4863 | 04-19-00715-CV |
| 4866 | 04-19-00716-CV |

### B.    Causes of Action, Dispositions

Durden's suits claimed, inter alia, that when the Kinney County officials reduced his salary, they violated provisions of the Open Meetings Act, the Local Government Code, and his due process rights.

Appellees argued that Durden had no standing or authority in the suits to act on behalf of Kinney County or to represent the State of Texas. In each case, Appellees moved to dismiss the suit and moved for summary judgment.

The trial court concluded Durden had no legal authority to bring the civil suits on behalf of the State of Texas, and it dismissed Durden's claims. In each of the three judgments, the trial court taxed costs of court, assessed sanctions, and awarded appellate attorney's fees against Durden individually.

## C.     Previous Appeals

Durden appealed. Acting as Kinney County Attorney, Durden filed notices of appeal for the State, but he did not file notices of appeal in his individual capacity.

We concluded Durden had no capacity to initiate or maintain the suits on behalf of the State. *State ex rel. Durden v. Shahan*, 648 S.W.3d 339, 346 (Tex. App.—San Antonio 2021), *aff'd in part, rev'd in part and remanded*, 658 S.W.3d 300 (Tex. 2022). Because we also concluded Durden failed to perfect his appeals in his individual capacity, and we could not grant him any relief in his individual capacity, we affirmed the trial court's judgments that included sanctions against him individually. *Id.* at 345, 347.

In the supreme court, Durden filed petitions of review, and it granted them. It agreed with this court that Durden lacked authority to file the suits on the State's behalf and that "his attempt to appeal the sanctions orders was defective." *State ex rel. Durden v. Shahan*, 658 S.W.3d 300, 304 (Tex. 2022). But it concluded "that Durden made a 'bona fide' attempt to invoke appellate jurisdiction over the sanctions orders," *id.* at. 305, and we "should have accepted [Durden's] appeal from the sanctions order or permitted him to amend the notices of appeal," *id.* at. 302. It reversed the portions of our judgments pertaining to Durden's sanctions, and it remanded the causes for our further proceedings. *Id.* at 305.

**D.     Parties, Issues on Remand**

On remand, we concluded that (1) Durden, in his individual capacity, was the sole appellant, and (2) the only remaining issues are those pertaining to the portions of the trial court's judgments that tax costs of court, assess sanctions, and award appellate attorney's fees against Durden individually. Given the changes in the parties and issues since the original briefs were filed, we ordered the parties to file amended briefs.

In his amended brief, Durden presents three issues. First, the costs, sanctions, and appellate attorney's fees portions of the judgments are void because the trial court lacked personal jurisdiction over him individually. Second, because he acted solely in his official capacity, he has absolute immunity from suit. Third, the trial court's sanctions lack proper legal basis and sufficient evidence.

### PERSONAL JURISDICTION

In his first issue, Durden challenges the trial court's personal jurisdiction over him in his individual capacity.

**A.     Parties' Arguments**

Durden contends the record conclusively proves that he was never served with citation or given notice in his individual capacity; he did not sign any of the pleadings in his individual capacity; no pleadings identify him, individually, as a party; he appeared and argued exclusively in his official capacity; and Appellees acknowledged that he acted in his official capacity only.

Appellees insist that Durden repeatedly and knowingly violated Rule 13—which they argue "clearly holds 'attorneys' responsible for the contents of the pleadings they sign, irrespective of their claimed capacity." They also imply that the trial court had personal jurisdiction over Durden individually because he "violated Rule 13 by signing pleadings a lawyer of his experience should have known were without merit, and that he lacked the capacity to file such litigation."

Before we address the parties' arguments, we briefly recite the applicable law.

**B.     Requisites for Personal Jurisdiction**

"Personal jurisdiction involves a court's ability to bind a particular party to that judgment." *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021) (citing *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996)).

A party may be bound to a judgment by "citation issued and served in a manner provided for by law." *Guardianship of Fairley*, 650 S.W.3d 372, 380 (Tex. 2022) (quoting *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012)). A party may also be bound if the party accepts or waives service or makes a general appearance. *Zanchi v. Lane*, 408 S.W.3d 373, 378 (Tex. 2013) (citing *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (per curiam)); *Guardianship of Fairley*, 650 S.W.3d at 380 (recognizing that "unlike challenges to subject-matter jurisdiction, objections to personal jurisdiction generally can be waived").

To reiterate, "[i]n no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance." *Mapco*, 817 S.W.2d at 687 (citing TEX. R. CIV. P. 124); *accord Zanchi*, 408 S.W.3d at 378. Where there is no acceptance, waiver, or general appearance, even "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *see also Mapco*, 817 S.W.2d at 687.

**C.     Distinguishing Capacities**

Texas law recognizes that the same person may have different legal capacities which have separate rights and liabilities. *E.g.*, *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009); *accord Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n.6 (1986) ("Acts performed by the same person in two different capacities 'are generally treated as the transactions of two

different legal personages.'" (quoting F. James & G. Hazard, CIVIL PROCEDURE § 11.6, p. 594 (3d ed. 1985))).

"[A] person sued in his legal capacity is regarded as a distinct legal personage from that same person sued in his individual capacity." *Nueces Cnty. v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (citing *Elizondo v. Tex. Nat. Res. Conservation Comm'n*, 974 S.W.2d 928, 931 (Tex. App.—Austin 1998, no pet.)).

Stated another way, "[a] person who sues or is sued in his official or representative capacity is, in contemplation of law, regarded as a person distinct from the same person in his individual capacity and is a stranger to his rights or liabilities as an individual." *Elizondo*, 974 S.W.2d at 931 (quoting *Alexander v. Todman*, 361 F.2d 744, 746 (3d Cir. 1966)).

Accordingly, "in the eyes of the law, [a person sued] in his individual capacity is not the same person as [that same person] in his capacity as a representative of [a separate legal entity]." *Ghaffari v. Empire Petrol. Partners LLC*, No. 02-17-00164-CV, 2018 WL 1005237, at *3 (Tex. App.—Fort Worth Feb. 22, 2018, pet. denied) (mem. op.); *accord Elizondo*, 974 S.W.2d at 931.

It follows that "[a] person filing suit against an individual solely in an official capacity . . . cannot impose liability or recover damages from that same person in an individual capacity." *Ferguson*, 97 S.W.3d at 214; *accord Elizondo*, 974 S.W.2d at 931.

## D.     Standard of Review

"Whether a court may exercise [personal jurisdiction] over a party is a question of law, which we review de novo." *Luciano*, 625 S.W.3d at 8; *accord Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009).

## E.     Potential Bases for Personal Jurisdiction

In the underlying suits, the trial court taxed costs of court, assessed sanctions, and awarded appellate attorney's fees against Durden in his individual capacity.  To bind Durden to its

judgments, the trial court had to have personal jurisdiction over Durden individually, which could be established by proper service, acceptance or waiver of service, or a general appearance. *See Mapco*, 817 S.W.2d at 687. We consider each basis in turn.

### 1. *Proper Service*

Durden would be bound by the trial court's judgments if a "citation issued and [was] served in a manner provided for by law" that named him individually and included a document notifying him that Appellees were seeking sanctions against him individually. *See Guardianship of Fairley*, 650 S.W.3d at 380 (quoting *In re E.R.*, 385 S.W.3d at 563).

As the parties seeking sanctions against Durden, Appellees were responsible for proper citation and service on him individually. *See* TEX. R. CIV. P. 99; *Wilson*, 800 S.W.2d at 836. They were also responsible for ensuring "that service is properly reflected in the record." *See Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (per curiam); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 41 (Tex. App.—San Antonio 2011, no pet.).

Appellees do not assert that the record shows Durden was properly served in his individual capacity, and Durden argues nothing in the record shows he was.

Having searched the records for each appeal, we have found no evidence of proper citation and service of any Appellees' motion for sanctions against Durden individually. *See Guardianship of Fairley*, 650 S.W.3d at 380.

### 2. *Acceptance, Waiver of Service*

Durden could subject himself individually to the trial court's judgments by accepting or waiving service in his individual capacity. *See Zanchi*, 408 S.W.3d at 378 (citing *Mapco*, 817 S.W.2d at 687). Appellees argue Durden admitted accepting receipt of citation related to Rule 13 sanctions, and that is true in part.

In the State's Motion for Sanctions, which Durden prepared and filed in his official capacity, he notes that Appellees' "*Other Form of Request* included **Citations** for consideration of sanctions under Rule 13." Durden admits he accepted service of the Rule 13 citations.

But each citation states that "THIS COURT ISSUES NOTICE AND CITATION to Todd A. Durden, County Attorney of Kinney County, Texas." The citations do not mention Durden in his individual capacity.

Further, in Appellees' Motion to Dismiss and Motion for Summary Judgment in cause number 4845, they stated that in all three suits, "Mr. Durden only claims to be representing the State of Texas in his 'official capacity as county attorney.' By doing so, he has abandoned any rights he would have as an individual, even assuming he had some right to sue individually."

Having searched the records for each appeal, we have found no evidence that Durden ever accepted or waived citation and service for any motion by Appellees for sanctions against him individually. *See Mapco*, 817 S.W.2d at 687.

### 3.   *General Appearance*

Durden could also subject himself individually to the trial court's judgments by making a general appearance, *see Zanchi*, 408 S.W.3d at 378 (citing *Mapco*, 817 S.W.2d at 687), but there is no evidence that he did.

The record shows that Durden filed each suit on behalf of the State of Texas in his official capacity as County Attorney of Kinney County. All the pleadings Durden filed were signed in his official capacity. At the hearings for which we have a reporter's record, Durden identified himself as acting in his official capacity as Kinney County Attorney on behalf of the State of Texas.

Appellees repeatedly challenged Durden's authority to act on behalf of the State, but they stated that in all three suits, "Mr. Durden only claims to be representing the State of Texas in his 'official capacity as county attorney.'"

Having reviewed the records for each appeal, we conclude there is no evidence that Durden's actions constituted a general appearance in his individual capacity. *See Zanchi*, 408 S.W.3d at 378 (citing *Mapco*, 817 S.W.2d at 687).

## F.     No Bases for Personal Jurisdiction

To bind Durden to its judgments, the trial court had to have personal jurisdiction over Durden individually, but the records contain no evidence that Durden, in his individual capacity, was properly served, accepted or waived service, or acted in ways to constitute a general appearance. *See Guardianship of Fairley*, 650 S.W.3d at 380; *Mapco*, 817 S.W.2d at 687.

Accordingly, the trial court lacked personal jurisdiction over Durden in his individual capacity, and the portions of its judgments that taxed costs of court, assessed sanctions, and awarded appellate attorney's fees against Durden were void. We sustain Durden's first issue.

### OTHER ISSUES MOOT

In two more issues, Durden challenges the same portions of the trial court's judgments on other grounds. Because we have already concluded that those portions were void for want of personal jurisdiction, we need not address Durden's additional challenges to the same portions.

### CONCLUSION

On remand, Durden argues the trial court lacked personal jurisdiction over him in his individual capacity, and those portions of its judgments against him individually are void.

We agree; there is no evidence of proper citation and service on Durden individually, he did not accept or waive service, and his actions did not constitute a general appearance. Accordingly, the trial court never obtained personal jurisdiction over Durden in his individual capacity, and the portions of its judgments that tax costs of court, assess sanctions, and award appellate attorney's fees against Durden individually are void.

We vacate those portions of the judgments. The other portions of the judgments, as previously affirmed by this court and the supreme court, remain in effect.

Patricia O. Alvarez, Justice