Opinion by: Karen Angelini, Justice
Barbara Technologies Corporation challenges the trial court's take-nothing judgment on its claim against State Farm Lloyds under chapter 542 of the Texas Insurance Code. We affirm.
BACKGROUND
Barbara Technologies contracted with State Farm to provide property insurance for commercial property located in San Antonio, Texas. On March 31, 2013, the property sustained hail and wind damage in a storm. On October 17, 2013, Barbara Technologies reported its claim to State Farm. On October 31, 2013, State Farm inspected the property. On November 4, 2013, State Farm sent Barbara Technologies a letter stating the property had sustained covered damage in the amount of $3,153.57, but no payment could be made at the time because the loss was less than the $5,000.00 deductible. On February 21, 2014, Barbara Technologies requested a re-inspection of the damage. On March 4, 2014, State Farm conducted another inspection. On March 5, 2014, State Farm sent Barbara Technologies a letter stating that State Farm had found no additional damage, and State Farm's initial decision regarding the claim remained unchanged.
On July 14, 2014, Barbara Technologies filed suit against State Farm. The suit alleged, among other things, that State Farm had violated chapter 542 of the Texas Insurance Code, commonly referred to as the Texas Prompt Payment of Claims Act (TPPCA). Under the TPPCA, an insurer is required to pay damages with interest and attorney's fees if it delays payment of a claim for longer than sixty days. TEX. INS. CODE ANN. §§ 542.058(a), 542.060 (West 2009 & Supp. 2016).
On January 9, 2015, State Farm invoked the appraisal provision in the insurance policy.[1] On August 18, 2015, the appraisal panel completed the appraisal and issued an award setting the amount of loss at *296 $195,345.63. On August 25, 2015, State Farm tendered payment in accordance with the appraisal award, minus depreciation and the deductible, to Barbara Technologies. Barbara Technologies accepted payment and amended its suit to delete all of its claims against State Farm except the TPPCA claim.
Barbara Technologies then filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law because the evidence showed that State Farm had violated the TPPCA, and therefore, State Farm was required to pay the penalties set forth in the statute. State Farm filed a cross-motion for summary judgment, arguing that it was entitled to judgment as a matter of law because it had not violated the TPPCA because it timely paid the appraisal award.
The trial court denied Barbara Technologies' summary judgment motion and granted State Farms' summary judgment motion. Barbara Technologies appealed.
DISCUSSION
We review a summary judgment de novo. Valence Operating Co. v. Dorsett , 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. Id. When both parties move for summary judgment on the same issue, and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides and determine all questions presented. Id. If we conclude that the trial court erred, we render the judgment the trial court should have rendered. Id.
On appeal, Barbara Technologies does not argue that a material fact issue existed precluding the granting of summary judgment. Instead, Barbara Technologies argues that the trial court erred in granting State Farm's summary judgment motion because its TPPCA claim survived State Farm's invocation of the appraisal process and its payment of the appraisal award. According to Barbara Technologies, "State Farm is strictly liable for interest and attorneys' fees under chapter 542 because it did not pay the claim within sixty (60) days after it received notice of the loss." State Farm counters that the trial court correctly granted its summary judgment motion because, as a matter of law, a TPPCA claim cannot be sustained when the insurer has timely paid an appraisal award.
In Garcia v. State Farm Lloyds , 514 S.W.3d 257, 275-76 (Tex. App.-San Antonio 2016, pet. filed), we considered the legal question presented in this appeal. In Garcia , the summary judgment evidence showed that the plaintiff had reported her claim to State Farm on January 22, 2015, and State Farm had denied the claim on March 2, 2015. Id. , at 274. On April 8, 2015, the plaintiff filed suit against State Farm alleging a claim under the TPPCA, and, on July 21, 2015, State Farm invoked the appraisal clause in the insurance policy. Id. State Farm received the appraisal award on September 23, 2015, and paid the award to the plaintiff on September 28, 2015. Id. On appeal, we affirmed the trial court's summary judgment disposing of the plaintiff's TPPCA claim. Id. , at 278-79. We held that the plaintiff could not sustain a claim under the TPPCA when it was undisputed that the insurer had paid the appraisal award. Id. at 275-76. In reaching this holding, we relied on a long line of cases holding that a full and timely payment of an appraisal award under the policy *297 precludes an insured from recovering penalties under the TPPCA as a matter of law. Id.
The present case is indistinguishable from Garcia. The undisputed evidence shows that State Farm invoked the appraisal provision in the policy and timely paid the appraisal award. We, therefore, conclude the trial court did not err in granting State Farm's summary judgment motion and rendering judgment that Barbara Technologies take nothing on its TPPCA claim. See id. ; Anderson v. Am. Risk Ins. Co., Inc. , No. 01-15-00257-CV, 2016 WL 3438243, at *5 (Tex. App.-Houston [1st Dist.] June 21, 2016, no pet.) (concluding the trial court properly granted summary judgment disposing of the plaintiff's chapter 542 claim when the evidence conclusively established that the insurer had timely paid the appraisal award). The trial court's judgment is affirmed.

This provision states:
1. Property Loss Conditions
....
b. Appraisal
If we and you disagree on the value of the property or the amount of the loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
(1) Pay its chosen appraiser; and
(2) Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.