**.Reversed and Remanded, and Opinion filed August 11, 2022.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-20-00585-CV

---

## TEXAS FAIR PLAN ASSOCIATION, Appellant

## V.

## ADIL AHMED, Appellee

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2016-09336**

---

## O P I N I O N

In *Barbara Technologies Corp. v. State Farm Lloyds*, the supreme court determined that an insurer's payment of an appraisal value past the statutory deadline for payment under Insurance Code chapter 542, subchapter B (the "Prompt Payment Act") does not entitle the insurer to summary judgment on an insured's claim brought under the Act.[1] *Barbara Techs.*, 589 S.W.3d 806 (Tex.

---

[1] Tex. Ins. Code Ann. §§ 542.051–.061. While subchapter B does not include a short title, we refer to it, as other courts have, as the Prompt Payment Act for ease of reference.

2019). The case before this court presents a related question that appears to be an issue of first impression in Texas courts—does payment of an appraisal award *plus* payment of estimated interest due under the Prompt Payment Act entitle an insurer to summary judgment on an insured's claims under the Act, thereby absolving the insurer from paying attorney's fees that otherwise would be due under the Act? We conclude the answer to this question is no.

Appellant Texas FAIR Plan Association appeals the trial court's judgment in favor of appellee Adil Ahmed on his claims under the Prompt Payment Act. In four issues, Texas FAIR Plan argues (1) the trial court erred by denying its summary-judgment motion as to Ahmed's Prompt Payment Act claim, (2) the trial court erred by granting Ahmed's traditional-summary-judgment motion on his Prompt Payment Act claim, (3) the attorney's fees awarded by the trial court are excessive and include fees that are not recoverable, and (4) the trial court's judgment must be reformed to eliminate awards of amounts that were not in controversy. We overrule issue 1 and sustain issue 2. Without reaching issues 3 and 4, we reverse the trial court's summary judgment in favor of Ahmed on his Prompt Payment Act claim and remand the case to the trial court for further proceedings.

## I. BACKGROUND

Ahmed's home sustained hail damage in spring 2015. Ahmed reported a claim to his insurer, Texas FAIR Plan. Texas FAIR Plan inspected the house and assessed a replacement-cost value of $1,091.47, which was below the deductible of Ahmed's policy of $9,506. After a reinspection, Texas FAIR Plan increased its estimate to $7,605.02, still below the deductible.

2

Ahmed sued for, among other things, breach of the Prompt Payment Act,[2] claiming that Texas FAIR Plan had undervalued the claim and was liable to pay it, and was also liable for statutory interest because payment was late under the Prompt Payment Act. *See* Tex. Ins. Code Ann. § 542.060. Texas FAIR Plan demanded an appraisal, as provided by the policy.[3] On October 19, 2016 the appraisers issued an agreed appraisal award determining the replacement-cost value of the claim was $22,699.78, well above the deductible. On November 4, 2016, Texas FAIR Plan notified Ahmed that it would pay the full replacement-cost value. Texas FAIR Plan paid Ahmed $13,193.78, which it characterized as the value of the appraisal award minus the deductible. Texas FAIR Plan then filed traditional and no-evidence summary-judgment motion on Ahmed's Prompt Payment Act claim. The trial court denied the motion.

In 2019, while this case was still pending in the trial court, the Supreme Court of Texas decided *Barbara Technologies*. Texas FAIR Plan then made an

---

[2] Ahmed's other claims were voluntarily dismissed later in the lawsuit.

[3] As explained by the supreme court, "appraisal clauses are uniformly included in most forms of property insurance policies. Virtually every property insurance policy for both homeowners and corporations contains a provision specifying 'appraisal' as a means of resolving disputes about the 'amount of loss' for a covered claim. An appraisal clause like the one used here appears in almost every homeowners, automobile, and property policy in Texas." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009) (quotations and citations omitted). In this case, the policy's appraisal provision states, in relevant part:

> If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraisers identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire, if they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item. . . . If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

additional payment to Ahmed of $6,458.26, which it characterized as constituting $3,206.19 in statutory interest, $752.23 in prejudgment interest, and $2,500 for "estimated attorney's fees." Texas FAIR Plan moved for reconsideration of its summary-judgment motion on Ahmed's Prompt Payment Act claim, attaching new evidence showing it had paid both the appraisal award and the statutory interest it determined would be owed under the Prompt Payment Act, and arguing that these payments entitled it to summary judgment. Ahmed filed a competing traditional summary-judgment motion on his Prompt Payment Act claim, along with a no-evidence summary-judgment motion as to certain defenses pleaded by Texas FAIR Plan. The trial court granted Texas FAIR Plan's motion for reconsideration but denied relief. The trial court granted Ahmed's traditional and no-evidence motions, determining he was entitled to relief on his Prompt Payment Act claim as a matter of law and that Texas FAIR Plan had presented no evidence in support of numerous defenses.[4]

The trial court then held a bench trial on attorney's fees. At the conclusion of trial, the trial court signed a final judgment awarding Ahmed damages, statutory interest under Insurance Code section 542.060, attorney's fees through trial in the amount of $96,358.50, contingent appellate attorney's fees, pre- and post-judgment interest, and costs.

## II.  ANALYSIS

### A.  Standard of review

In issues 1 and 2, Texas FAIR Plan challenges the trial court's rulings on the parties' competing summary-judgment motions on the issue of Texas FAIR Plan's liability under the Prompt Payment Act. We review summary judgments de novo,

---

[4] Texas FAIR Plan does not challenge the no-evidence summary judgment on its defenses, and we do not disturb that portion of the trial court's summary-judgment order.

4

taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When both parties move for summary judgment on the same issue, the reviewing court considers the evidence presented by both parties, determining all questions presented. *Id.*; *see Barbara Techs.*, 589 S.W.3d at 811 (reviewing competing summary-judgment motions on issue of Prompt Payment Act liability).

**B. The Prompt Payment Act**

The Prompt Payment Act "imposes several key requirements on insurers":

> (1) the insurer must acknowledge receipt of the claim, commence any investigation of the claim, and request any items, statements, or forms required from the claimant within fifteen days of its receipt of notice of the claim; (2) the insurer must notify the claimant of acceptance or rejection of the claim no later than fifteen business days after the insurer receives all items, statements, and forms required to secure final proof of loss; (3) if the insurer notifies the insured that it will pay all or part of the claim, it must pay it by the fifth business day after the date of notice of acceptance of the claim; (4) if the insurer delays payment of a claim for more than the applicable statutory period or sixty days, the insurer shall pay [Prompt Payment Act] damages; and (5) an insurer that is liable for a claim under an insurance policy and violates a [Prompt Payment Act] provision is liable for [Prompt Payment Act] damages in the form of 18% interest on the amount of the claim per year, with attorney's fees. *See* [Tex. Ins. Code Ann.] §§ 542.055(a)(1)–(3), .056(a), .057(a), .058(a), 060(a). Thus, the [Prompt Payment Act] has three main components—non-payment requirements and deadlines, deadlines for paying claims, and enforcement. *See generally id.* §§ 542.055–.060.

*Barbara Techs.*, 589 S.W.3d at 812–13. In other words, an insurer may be liable under the Prompt Payment Act if it does not pay a valid claim within 60 days after receiving all items and information reasonably requested and necessary to make a determination regarding the claim. Tex. Ins. Code Ann. § 542.058(a). In such

5

cases, the insurer is required to pay "the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." Tex. Ins. Code Ann. § 542.060(a). The question in this case is whether an insurer may avoid liability under the Act by voluntarily paying both the appraisal amount and the statutory interest that would be due for a late payment under the Act.

## C. Texas FAIR Plan's summary-judgment motion

In issue 1, Texas FAIR Plan argues that the trial court erred by denying its summary-judgment motion. The crux of Texas FAIR Plan's argument is that it was entitled to judgment as a matter of law after it (1) voluntarily paid the appraisal award and (2) voluntarily paid what it contends was the statutory interest due on the late payment of the claim.

We begin with *Barbara Technologies*, which has strikingly similar facts: an insurer initially determined a claim was below the policy deductible and paid nothing. 589 S.W.3d at 809. After the insured sued, the insurer invoked the appraisal process to determine the value of the damages. *Id.* The appraisal came back over the deductible. *Id.* at 810. The insurer paid the appraisal value, well past the statutory deadline if measured from the date of proof of loss, but within the deadline if measured from the date of appraisal. *Id.* The San Antonio Court of Appeals affirmed summary judgment in favor of the insurer, holding that a "plaintiff could not sustain a claim under the [Prompt Payment Act] when it [is] undisputed that the insurer had paid the appraisal award." *Barbara Techs. Corp. v. State Farm Lloyds*, 566 S.W.3d 294, 296 (Tex. App.—San Antonio 2017), *rev'd*, 589 S.W.3d 806 (Tex. 2019).

The supreme court reversed and "disapproved" of the reasoning of the San Antonio Court of Appeals and other courts holding that an insurer could discharge

6

liability under the Prompt Payment Act by paying an appraisal award: "Nothing in the [Prompt Payment Act] would excuse an insurer from liability for [Prompt Payment Act] damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline, regardless of use of the appraisal process." *Barbara Techs.*, 589 S.W.3d at 819.[5] The supreme court based its reasoning on the peculiar features of the appraisal process, a process that is not addressed in the Prompt Payment Act. *See id.* at 820.

To determine how appraisals should be treated under the Act, the supreme court detailed the features of appraisals. The court explained that "an insurer's use of the policy's appraisal process represents a willingness to resolve a dispute outside of court—often without admitting liability on the claim, or even specifically disclaiming liability—similar to a settlement." *Id.* Because payment of the appraisal award constitutes neither an admission of liability under the policy nor a judicial determination of liability, the mere fact that the insurer paid the appraisal award is not determinative of liability, a core inquiry in a Prompt Payment Act claim. *Id.* at 823 ("payment of the appraisal value neither established liability under the policy nor foreclosed [Prompt Payment Act] damages"). Accordingly, the insurer's payment of an appraisal award "did not conclusively establish that it is not liable for [the insured's] claim, as it must to avoid [Prompt Payment Act] damages as a matter of law under section 542.060." *Id.*

That brings us to the question in this case: what if an insurer pays both an appraisal award and the estimated statutory interest that would be due under the Prompt Payment Act? Applying *Barbara Technologies*, a federal district court

---

[5] The relevant enforcement provision in *Barbara Technologies* is the same as the provision in this case. *See* Tex. Ins. Code Ann. § 542.060. The supreme court did not address the interplay between section 542.060 and other enforcement provisions of the Prompt Payment Act, nor is such analysis necessary here.

recently determined that payment of an appraisal award plus payment of estimated statutory interest—as Texas FAIR Plan did here—likewise does not discharge a Prompt Payment Act claim. *See Martinez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-2975, 2020 WL 6887753, at *2 (S.D. Tex. Nov. 20, 2020) (Ellison, J.). Echoing the characterization in *Barbara Technologies* that an appraisal is "similar to a settlement," the *Martinez* court reasoned that dismissing a Prompt Payment Act claim on the basis that the insurer had paid an appraisal award along with statutory interest calculated on the basis of that appraisal would be akin to forcing on the insured a settlement that the insured did not agree to:

> Allstate's position effectively amounts to an argument that it settled Martinez's [Prompt Payment Act] claim [by paying the appraisal amount and statutory interest]. But Martinez clearly disputes this argument. And, under Texas law, for Allstate's payment to Martinez to constitute a settlement of the [Prompt Payment Act] claim, there must be evidence of a mutual intent to avoid litigation by accepting a contract and relinquishing the relevant legal claims. *See, e.g.*, *Priem v. Shires*, 697 S.W.2d 860, 863–64 (Tex. [App.—Austin] 1985[, no writ]). Here, there is no such evidence. Rather, there is simply a claim that Allstate sent a payment to Martinez that may or may not constitute the full amount of the interest owed to her under the [Prompt Payment Act]. Even if Allstate had sent Martinez ten times her putative [Prompt Payment Act] damages, the Court would not be entitled to dismiss Martinez's [Prompt Payment Act] claim absent evidence of a mutual intent to settle that claim. Martinez remains entitled to pursue her [Prompt Payment Act] claim, even if her damages—should she prevail—will need to be offset by any overpayment Allstate previously rendered to Martinez. Therefore, Allstate's first argument fails.

*Id.* As discussed in *Martinez*, and following the logic of *Barbara Technologies*, we conclude that, while advance payment of an appraisal award and statutory interest may entitle an insurer to an offset, it does not entitle the insurer to summary judgment on an insured's Prompt Payment Act claim. To conclude otherwise

would be to subject the insured in this case, Ahmed, to a settlement to which he did not agree.

We overrule issue 1.

## D. Ahmed's summary-judgment motion

In issue 2, Texas FAIR Plan challenges the trial court's summary judgment in Ahmed's favor. Texas FAIR Plan argues that the trial court reversibly erred by determining that it was liable for Ahmed's claim, thereby subjecting it to Prompt Payment Act damages, as a matter of law.

Ahmed argues that the evidence is conclusive as to Texas FAIR Plan's liability for the claim because, in Ahmed's view, Texas FAIR Plan "accepted" his claim, thereby admitting its liability under the Prompt Payment Act. Ahmed bases his argument on language in *Barbara Technologies* that liability arises when an insurer "accepts" a claim or is adjudicated liable for it. *See* 589 S.W.3d at 819–20. As proof that Texas FAIR Plan admittedly accepted the claim, Ahmed points to Texas FAIR Plan's letter to Ahmed from September 2015 in which it states that it "has accepted the hail damage to the south and west facing slopes of the roof and the water damage to the master bedroom," though the letter then goes on to explain that the damage is below the policy deductible, and accordingly it was "unable to make a payment on your claim."[6]

---

[6] Ahmed also notes that the parties later submitted agreed post-trial findings of fact, one of which states, "It is undisputed [Texas FAIR Plan] accepted the claim, and that it gave notice of its intent to pay, and paid $13,193.78 on November 4, 2016." The trial court, however, omitted this finding from its signed findings of fact. In any event, this proposed finding could not have been a ground for summary judgment, as it was submitted after the trial court signed its order granting Ahmed's traditional-summary-judgment motion. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (traditional-summary-judgment motion "must stand or fall on the grounds expressly presented in the motion") (discussing Tex. R. Civ. P. 166a(c)).

In his summary-judgment motion, Ahmed also points to language in Texas FAIR Plan's

Based on this language, it appears Texas FAIR Plan "accepted" that the damage at issue was covered by the policy but did not "accept" that it had any *liability* under the policy to pay the claim, which is the touchstone of the Prompt Payment Act inquiry. *See* Tex. Ins. Code Ann. § 542.060(a) (providing for damages "if an insurer *that is liable for a claim under an insurance policy* is not in compliance with this subchapter") (emphasis added). As explained more fully by the supreme court, an insurer "accepts" a claim for Prompt Payment Act purposes when it determines it must "pay" something in response to the claim:

> We see no way under the language of the [Prompt Payment Act] that an insurer can be "liable" on the claim within the meaning of section 542.060 until it (1) has completed its investigation, evaluated the claim, and come to a determination to *accept and pay the claim or some part of it*; or (2) been adjudicated liable by a court or arbitration panel. If an insurer rejects a claim, it has concluded based on its investigation and evaluation that it owes no benefits under the policy and is not liable for the claim; unless and until the insurer later accepts the claim, thereby admitting liability, or there is a judgment that the insurer wrongfully rejected the claim, the insurer is not "liable for a claim under an insurance policy" under section 542.060.

*Barbara Techs.*, 589 S.W.3d at 819–20 (emphasis added).

Here, despite language that Texas FAIR Plan "accepted" the claim, we

---

motion for reconsideration that "[Texas FAIR Plan] fully accepted Mr. Ahmed's hail damage claim arising out of an April 2015 weather event." This statement, however, appears to refer to the same September 2015 letter discussed above, in which Texas FAIR Plan "accepted" that the damage was covered under the policy but disclaimed liability under the policy. Accordingly, we do not consider this statement to be so clear and unequivocal as to amount to a judicial admission as to liability under the policy. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) ("For a judicial admission to exist and be conclusive against a party it must be, among other things, deliberate, clear and unequivocal.").

The remaining evidence presented in Ahmed's summary-judgment motion shows that Texas FAIR Plan paid the appraisal award and also sent Ahmed funds earmarked for statutory interest, neither of which establishes Prompt Payment Act liability as a matter of law. *See Barbara Techs. Corp.*, 589 S.W.3d at 819–20, 826.

conclude there is a fact issue as to whether Texas FAIR Plan admitted its liability—that is, its obligation to pay under the policy—for purposes of the Prompt Payment Act. Because Ahmed has not proven as a matter of law that Texas FAIR Plan admitted that it was liable on the claim, we conclude he is not entitled to traditional summary judgment under the Prompt Payment Act.

We sustain issue 2. Because our disposition of this issue results in reversal of the trial court's judgment, we need not reach the merits of issues 3 and 4 concerning whether the trial court improperly awarded excessive attorney's fees or nonrecoverable damages, and accordingly we dismiss those issues as moot. *See* Tex. R. App. P. 47.1.

### III.   CONCLUSION

Having sustained issue 2, and without reaching issues 3 and 4, we reverse the trial court's judgment. Concluding that neither party is entitled to summary judgment as to Texas FAIR Plan's liability under the Prompt Payment Act, we remand the case to the trial court for further proceedings. Tex. R. App. P. 43.2(d); *see Barbara Techs.*, 589 S.W.3d at 829 (remanding Prompt Payment Act case for further proceedings when neither of parties' competing summary-judgment motions on insurer's liability was meritorious).


/s/     Charles A. Spain
        Justice


Panel consists of Justices Wise, Spain, and Hassan.

11